IN RE MECHANICS' LIEN OF WHITTA.

(No. 5-81-30—Decided March 18, 1982.)

*Messrs. Marley & Marley* and *Mr. Francis M. Marley,* for appellant James C. Whitta, etc.

*Travis & Miller Co., L.P.A.,* and *Mr. John R. Miller,* for appellee Wesley Village, Inc., etc.

*Per Curiam.* This is an appeal from a judgment of the Court of Common Pleas of Hancock County in an action pertaining to a mechanics' lien. The facts are somewhat difficult to ascertain as the judgment was based entirely upon the pleadings, apparently the trial court acting *sua sponte,* as no motion to dismiss appears on the docket.

Nevertheless, from the pleadings and exhibits attached thereto it can be determined that on October 20, 1978, Wesley Village, Inc., entered into a construction contract with the J and R Construction Co., the main contractor to construct certain housing on land owned by Wesley Village, Inc. Thereafter, James C. Whitta, as a subcontractor, performed certain labor and furnished certain materials in site preparation. The last work was performed, according to Whitta, on June 28, 1980 and on July 24, 1980, a mechanics' lien was recorded by Whitta in Volume 13, page 433, in the records of Hancock County. Later Wesley Village, Inc., according to the pleadings, assigned the construction contract to Wesley P. Shank, Inc.

Thereafter on October 30, 1980, Wesley Village, Inc., filed a petition to substitute a deposit of money in lieu of the mechanics' lien pursuant to R.C.

1311.11 (C). This portion of the statute reads as follows:

"Either before or after suit has been commenced upon a lien, a surety bond may be provided in double the amount of the claim secured by the lien, conditioned upon payment of any judgment and costs. Such bond shall be drawn in favor of the lien claimant and executed by sufficient sureties. An application shall be made to the court of common pleas for approval of the bond, which shall be filed with said application, and notice of hearing on the application shall be given to the lienholder or his agent or attorney. If such application is filed before suit is commenced on the lien, notice of hearing shall be served on the lienholder or his agent or attorney in the same manner as provided in division (A) of this section for service of notice to commence suit, and if such application is filed after suit is commenced, notice of hearing shall be given in the same manner as notice of hearing on motions or other applications before the court. *At the hearing on the application the only issue to be determined shall be the sufficiency of the bond,* and if the court finds such bond sufficient it shall make an entry of approval thereof and order said bond retained in the file. As of the date of the entry of approval of the bond, the security of the bond shall be substituted for the security of the lien, and the lien shall be void and the property wholly discharged therefrom. If an action to foreclose the lien has been or is commenced and a bond has been or is provided in accordance with this section, the court shall summarily dismiss the action to foreclose the lien and such action may proceed as an action on the bond, through a supplemental pleading bringing in as additional parties the sureties on the bond. The bond shall be discharged and the sureties released, upon failure of the lienholder to commence suit within the time allowed pursuant to division (B) of this section or if the suit on the bond is dismissed with prejudice to the plaintiff or judgment is entered against the plaintiff, or if judgment is entered in favor of the plaintiff, then upon payment of such judgment with costs." (Emphasis added.)

The trial court by entry of October 20, 1980, and pursuant to the statute approved a deposit of $48,864 and the lienholder was ordered to release the lien of record, the cash deposit in lieu of bond to stand in place of the original lien. The entry states:

"* * * and that any action filed by either party shall proceed unchanged from actions allowable under Ohio Revised Code in all respects except that any claims arising under or against the above-described lien shall proceed as an action against such deposit in lieu of bond."

Subsequently on August 3, 1981, Wesley P. Shank, Inc., filed in the same case a "supplemental pleading complaint for declaratory judgment" to declare the mechanics' lien invalid and for return of deposit. There is nothing on the docket to indicate any deposit was ever made but the complaint alleges it was. The complaint asserts that on December 15, 1980, Wesley P. Shank, Inc., by its agent, "advised defendant by certified mail that his lien had not been properly perfected and that it was to be immediately removed" and asked for an accounting. The complaint prays that the court declare that the mechanics' lien was not properly perfected and that it is invalid and further asked for return or release of the deposit.

The defendant then on August 11, 1981, filed a motion to bring in additional defendants, *i.e.,* Wesley P. Shank, Inc., Wesley Village, Inc. and the J and R Construction Co. The plaintiff filed a motion contra asking the court to deny the motion of the defendant.

On September 1, 1981, apparently on the pleadings and memoranda, there being no indication of any evidentiary hearing or determination of defendant's motion, the trial court found that further proceedings were to be governed by R.C. 1311.11 (C) and that since the lienholder

had not commenced suit within sixty days from October 30, 1981, the court lacked jurisdiction, dismissed the action, discharged the bond and ordered it returned to Wesley P. Shank, Inc. On motion for reconsideration the court found that when the bond involved was posted by agreement of counsel for the parties "and by implication waived all notice requirements under Section 1311.11 (C) and that under the circumstances notice was not a requirement."

Here the pertinent portion of R.C. 1311.11 reads:

"(A) The owner, part owner, lessee, mortgagee, or any other person with an interest in real property upon which a lien has been taken, *may notify the lienholder to commence suit thereon, by written notice delivered to such lienholder at* the address of that person as shown in the affidavit of lien, or through his agent or attorney indicated on the affidavit of lien. The notice to commence suit shall be served by the sheriff of the county where the land upon which the lien has been taken is situated, upon payment of the same mileage and fees as provided by law with respect to the service of summons. If the address of the person to be served, as shown on the affidavit of lien is outside the county where the land is located, but within the state, the sheriff shall forward the notice to commence suit to the sheriff of the county in which the address of the person to be served is located, for service by such sheriff. If the address is outside the state, the sheriff may serve the notice by registered or certified mail, restricted delivery, return receipt requested. If service cannot be made at the address shown on the affidavit of lien and if the lienholder or his agent or attorney cannot be located by diligent search, then notice to commence suit may be served by publication once each week for six consecutive weeks in a newspaper of general circulation in the county where the land is located. Upon completion of service in all cases, a copy of the notice shall be furnished to the owner, part owner, lessee, mortgagee, or other person requesting service, which copy shall have the return of the sheriff endorsed thereon, and in addition, in cases of service by registered or certified mail or by publication, such copy shall have attached thereto the return receipt of an affidavit that service by publication has been completed.

"(B) The copy of the notice to commence suit, with the sheriff's return endorsed thereon and with the return receipt or affidavit of service by publication, if any, attached thereto, shall be filed with the recorder of the county in which the property is located, and the recorder shall index and record such notice in the same manner and receiving the same fees as for releases of mortgages and other liens. *If the lienholder fails to commence suit upon the lien within sixty days after completion of service upon him of the notice to commence suit, or if the action is commenced but dismissed with prejudice before adjudication, then the lien shall be void and the property wholly discharged therefrom.* When a lien is void by reason of failure to commence suit within sixty days after service of notice to commence suit, the claim upon which the lien was founded shall not be prejudiced thereby, except for the loss of the security of such lien." (Emphasis added.)

The appellant appeals from the order of the trial court asserting the following assignments of error:

"Assignment of Error No. 1. The Court erred in dismissing the action in the Court below for the reason that the Court did not have jurisdiction for the stated reason that defendant-appellant did not file suit on the Mechanics' Lien within sixty days after a bond was deposited in lieu of lien.

"Assignment of Error No. 2. The Court erred in discharging the cash bond that had been deposited with the Clerk of Courts of Hancock County, Ohio in lieu of Mechanics' Lien and ordering the cash returned to Wesley P. Shank, Inc., when

such deposit had replaced the lien which was released and thereby deprived defendant-appellant of the security of his Mechanics' Lien and the deposit of cash and left defendant-appellant with an unsecured claim.

"Assignment of Error No. 3. The Court erred in dismissing the entire proceedings below without any hearing or notice to defendant-appellant that such action was to be taken and without giving an opportunity to defendant-appellant to protect himself against losing his security.

"Assignment of Error No. 4. The Order of the Court below was contrary to law."

Essentially each assignment of error raises the issue as to the validity in law of the action of the trial court and we shall turn now to this basic issue.

First it is clear that R.C. 1311.11 (C) merely establishes a substitution of a bond or deposit to take the place of the lien on the real estate thereby in effect clearing title to that real estate. The action may be taken "either before or after suit has been commenced on the lien." Here the action to substitute was commenced before any action to foreclose. The sole issue then raised was the sufficiency of the bond. There was no issue involved concerning the validity of the lien. The single basis for a release of the bond is the "failure of the lienholder to commence suit within the time allowed pursuant to division (B)" or action dismissing such a suit or entering judgment for the lienor.

The sole agreement of the parties as reflected by the journal entry of October 30, 1980, ordering substitution was as to the substitution. There is no finding that the appellant waived any notice to which he was entitled.

Under R.C. 1311.11, the only obligation to commence suit on the lien arises upon a written notice served upon him in the manner explicitly therein provided.

"(B) * * * If the lienholder fails to commence suit upon the lien within sixty days after completion of service upon him of the notice to commence suit, or if the action is commenced but dismissed with prejudice before adjudication, then the lien shall be void and the property wholly discharged therefrom. * * *"

Here there is no evidence or assertion that any notice as required by this section was given. That being the case, the obligation to commence suit was never invoked as to the appellant. Therefore, the trial court had no basis for releasing the deposit. The action to substitute a bond for the lien was not equivalent to the statutory notice and the trial court erred in finding that the appellant had failed to commence suit within sixty days after October 30, 1980. No such obligation was ever imposed on the appellant by notice properly served.

If it be considered that the issue of the original validity of the lien can be raised in a manner not contemplated by the statute, *i.e.*, by an action in declaratory judgment (which we do not decide), then the court erred in failing to act upon appellant's motion to require additional parties, proceeding then to answer and evidentiary hearing.

The trial court committed error in the particulars noted prejudicial to the appellant. The judgment of the trial court is reversed and this cause is remanded for further proceedings in accordance with law.

*Judgment reversed
and cause remanded.*

Cole, P.J., Miller and Guernsey, JJ., concur.