COHEN, Admr., Appellee,

v.

UNIVERSITY OF DAYTON, Appellant;  Fire–Lite Alarms, Inc., et al., Appellees.

[Cite as *Cohen v. Univ. of Dayton,* 164 Ohio App.3d 29, 2005-Ohio-5780.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20771.

Decided Oct. 28, 2005.

30

Robert R. Furnier, Todd J. Flagel, and Donyetta D. Bailey, for appellee Kim Cohen.

Christopher M. Bechhold and Kimberly E. Ramundo, for third-party plaintiff/appellant.

Joshua N. Cash, for third-party defendant/appellee Fire–Lite Alarms, Inc.

John E. Breidenbach, for third-party defendant/appellee Marty Coates.

Paul B. Roderer, for third-party defendant/appellee Michael Eberle.

Joseph W. Gelwicks, for appellee Paul Morgan.

Mark Chilson and John Beck, for third-party defendant/appellee Kevin Bordegon.

Fᴀɪɴ, Judge.

{¶ 1} Defendant and third-party plaintiff/appellant, the University of Dayton, appeals from a summary judgment rendered against it on its claim for contribution against third-party defendant/appellee Paul Morgan. The University contends that the trial court erred in rendering summary judgment because the evidence submitted to the trial court did not support summary judgment, that the rendering of summary judgment under these circumstances deprived the University of its property without due process of law, in violation of both the Ohio and United States constitutions, and that the trial court abused its discretion in denying the University's motion for continuance for additional discovery, pursuant to Civ.R. 56(F).

{¶ 2} We agree with the University that the trial court abused its discretion when it denied the University's motion for a continuance to take Morgan's deposition. Based upon that conclusion, we find the University's other assignments of error to be moot. The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

I

{¶ 3} Austin J. Cohen, the plaintiff's decedent, was a student at the University, living in University-owned housing. In December 2000, he was killed as a result of a fire that occurred while he was asleep in his University-owned residence. Fire investigators determined that the origin of the fire was in a stairwell, where Morgan, who was apparently intoxicated at the time, about 4:30 a.m., had ignited some paper towels. Morgan was convicted of arson and involuntary manslaughter.

{¶ 4} Kim Cohen, Austin Cohen's father, brought this action against the University, alleging that its negligence was a proximate cause of his son's death. Cohen had previously settled a lawsuit against Morgan for $191,800.

{¶ 5} The University brought in Morgan as a third-party defendant, seeking contribution from Morgan. Morgan's defense was that he had entered into a settlement with Cohen in good faith, and he moved for summary judgment, relying upon R.C. 2307.32. The University moved for a continuance, pursuant to Civ.R. 56(F), for time to conduct discovery. The trial court granted the motion in part, allowing the University 60 days to take Cohen's deposition, only; the trial court specifically denied the University's request to take Morgan's deposition.

{¶ 6} In due course, after the parties had submitted their evidentiary materials pursuant to Civ.R. 56, the trial court rendered summary judgment against the

University upon its claim against Morgan for contribution, finding that Morgan had entered into a settlement agreement with Cohen in good faith.

{¶ 7} From the summary judgment rendered against it, the University appeals.

## II

{¶ 8} The University's Third Assignment of Error is as follows:

{¶ 9} "The trial court erred in denying appellant's motion for continuance pursuant to Civil Rule 56(F)."

{¶ 10} In defense of the University's claim against him for contribution, Morgan relied upon R.C. 2307.32(F), which at that time [1] provided as follows:

{¶ 11} "When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or loss to person or property or the same wrongful death, the following apply:

{¶ 12} "(1) The release or covenant does not discharge any of the other tortfeasors from liability for the injury, loss, or wrongful death unless its terms otherwise provide, but it reduces the claim against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is greater.

{¶ 13} "(2) The release or covenant discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."

{¶ 14} Although the University appeared unwilling to concede, in the trial court, that the liability that Morgan settled with Cohen was a tort liability, that appears to be beyond dispute, given the essential, undisputed facts of this case. Therefore, the issue involved in Morgan's defense to the University's claim for contribution is whether the release he received in his settlement with Cohen was given in good faith. If so, the University's claim for contribution is barred; if not, the University may proceed with its claim for contribution against Morgan.

{¶ 15} After Morgan moved for summary judgment, the University moved for a continuance, pursuant to Civ.R. 56(F), to permit it to conduct discovery necessary to respond to Morgan's motion for summary judgment. In support of its motion for a continuance, the University included the following argument:

---

1. R.C. 2307.32 has since been repealed. R.C. 2307.28, enacted when R.C. 2307.32 was repealed, contains similar language, which would appear to have the same impact upon the issue of the University's contribution claim against Morgan. In any event, the parties in this case make their arguments based upon R.C. 2307.32.

{¶ 16} "Specifically, the University needs discovery regarding the proportionality of Mr. Morgan's settlement with the Plaintiff.  * * * In this action, Plaintiff has demanded at least a seven figure damage award.  Yet, Plaintiff settled with Mr. Morgan, who started the fire, for $191,800.  * * * Even assuming Plaintiff's demand was for only one million dollars, Mr. Morgan's settlement comprises only 19% of the damage claim.  Certainly, because Mr. Morgan is responsible for starting the fire that resulted in Austin J. Cohen's death, there is an issue of fact as to whether Mr. Morgan's settlement is in proportion to his amount of liability. If it is not, there is an issue as to whether the Release was given in good faith. As a result, discovery is needed to determine the amount of damages claimed by Plaintiff and whether Mr. Morgan's settlement is in proportion to his amount of liability.  * * * Discovery is also needed to determine if there was any fraud, collusion or other wrongful conduct on the part of Plaintiff or Mr. Morgan with regard to the execution of the Release."

{¶ 17} The trial court granted the University's motion for a continuance, but only "for the limited purpose of taking the Plaintiffs' [sic] deposition on the issue of the 'good faith' settlement with the third-party Defendant, Morgan."  The University moved for reconsideration, arguing that it needed to take Morgan's deposition, as well as Cohen's deposition.  This motion was overruled.

{¶ 18} The decision whether to grant a request for a continuance, pursuant to Civ.R. 56(F), to the party opposing a motion for summary judgment is confided to the discretion of the trial court, but that discretion should be exercised liberally in favor of the party opposing summary judgment.  *Fiske v. Rooney* (1998), 126 Ohio App.3d 649, 655, 711 N.E.2d 239.  On the other hand, the public policy in favor of encouraging out-of-court settlements militates in favor of limiting the scope and extent of discovery in connection with the good-faith defense to contribution, because without substantial limitation of the scope and extent of discovery, one of multiple, alleged joint tortfeasors will have less incentive to settle;  even if he settles his liability to the plaintiff, he may find himself in protracted litigation with an alleged joint tortfeasor over the issue of contribution.  This animated the decision in *Mahathiraj v. Columbia Gas of Ohio, Inc.* (1992), 84 Ohio App.3d 554, 617 N.E.2d 737, cited by Morgan and Cohen, in which the court opined: "A court may determine the good faith of a settlement based solely upon the arguments of counsel, based upon affidavits, depositions, and other discovery materials of record, or after conducting an evidentiary hearing.  The standard of review from such decisions is one of abuse of discretion."  Id. at 562, 617 N.E.2d 737.

{¶ 19} We decline to go so far as to remove cases involving good-faith-settlement defenses to contribution claims from the operation of Civ.R. 56, particularly the limitations imposed therein upon the kind of evidence that may

be considered in connection with a motion for summary judgment. "No evidence or stipulation may be considered except as stated in this rule." Civ.R. 56(C). We note that the quality of the evidence does not seem to have been raised as an issue in the appeal in *Mahathiraj,* supra.

{¶ 20} We do note with approval the following passage in *Mahathiraj* :

{¶ 21} "In the final analysis, a totality of the circumstances standard enables the trial court to consider the potential proportionate liability of the parties in cases where such determinations are appropriate, but does not require the court to consider it in every case or in cases where such calculations would be of little value in good faith determinations. As a result, parties have a greater incentive to settle than they would under a standard which forces them to defend their settlements whenever the mere allegation of a disproportionate settlement is made. At the same time, courts are free to police collusive settlements that unfairly saddle one tortfeasor with a disproportionate share of liability." Id. at 561, 617 N.E.2d 737.

{¶ 22} Cohen and Morgan argue that if the University is permitted to take Morgan's deposition, the result will be mini-trials on the liability of the various alleged tortfeasors, with the result that one of the principal advantages of settlement—the avoidance of expensive and protracted litigation—would become unavailable. The University argues that because it is required to demonstrate that their settlement was not made in good faith, it ought to be able to take the depositions of the two parties to that settlement—Cohen and Morgan.

{¶ 23} We agree with Cohen and Morgan that a trial court must be accorded substantial discretion to limit the scope of discovery in cases involving good-faith-settlement defenses to contribution, lest they become mini-trials on the individual liability of alleged joint tortfeasors. In this case, that substantial discretion could have been exercised both to limit the University's remaining discovery to the taking of Morgan's deposition, a limitation to which the University agreed it would accept in its motion for reconsideration of the trial court's original order, and to limit the extent of that deposition.

{¶ 24} In this case, it had already become evident that Morgan was, by far, the most culpable of the joint tortfeasors, having been the person who directly caused the fire that claimed Austin Cohen's life. Because the total claim against the University evidently exceeded $1,000,000, the $191,800 settlement with Morgan was already shown to have been disproportionate in a pure comparative-fault sense. If that settlement was going to be shown to have been in good faith, presumably it was going to be shown to have been the limit, or near the limit, of the resources available to pay a judgment against Morgan. That would involve an analysis of available insurance coverage and other assets of Morgan's upon which Cohen could levy to pay a judgment. In this connection, we would reject

any argument that Cohen must, in the exercise of good faith, await patiently some future day when Morgan may enjoy a greater net worth.

{¶ 25} Thus, the likely appropriate scope of Morgan's deposition would be limited to an analysis of his available resources, including insurance coverage, and the circumstances surrounding the negotiation of the settlement agreement, to the extent that those circumstances might involve fraud or collusion. Surely this could have been accomplished in a few hours of deposition. And if the University should seek to extend the scope of Morgan's deposition beyond reasonable limits, the trial court is available for consideration of a protective order curtailing the deposition.

{¶ 26} Although we acknowledge that the trial court is invested with substantial discretion in determining the scope and extent of discovery it will permit in connection with a summary judgment motion in a case involving a good-faith-settlement defense to a contribution claim, we conclude that the trial court in this case acted unreasonably, and therefore abused its discretion, when it refused to permit the University to take a deposition of Morgan, one of the two parties to the settlement agreement with Cohen. The University's third assignment of error is sustained.

### III

{¶ 27} The University's first and second assignments of error are as follows:

{¶ 28} "The trial court erred in granting appellee's motion for summary judgment.

{¶ 29} "By granting appellee's motion for summary judgment, the trial court deprived appellant of its property interest in its cause of action without due process of law under the Fourteenth Amendment to the United States Constitution and without due course of law under Section 16, Article I of the Ohio Constitution."

{¶ 30} In these assignments of error, the University appears to be arguing that even considering the state of the evidence without including any evidence that it might have obtained as the result of the discovery it was prevented from conducting, the trial court erroneously granted summary judgment. In general, where a judgment of a trial court is reversed because of a prejudicial error in the course of the proceedings, the appropriate remedy is to reverse the judgment and remand the proceedings to be resumed at the point where the error occurred. *Richman Bros. v. Amalgamated Workers* (1956), 101 Ohio App. 459, 465, 1 O.O.2d 385, 132 N.E.2d 769.

{¶ 31} In sustaining the University's third assignment of error, we have concluded that the trial court erred, to the University's prejudice, when it entered

an order precluding the University from taking Morgan's deposition for purposes of responding to Morgan's motion for summary judgment. In applying the general rule concerning the proper remedy where a judgment of a trial court is reversed because of a procedural error, we conclude that the University's first and second assignments of error are moot. Upon remand, the trial court will permit Morgan's deposition to be taken, while perhaps limiting the scope and extent of that deposition. The parties may then have additional evidence to submit to the trial court in support of, and in opposition to, Morgan's motion for summary judgment, thereby mooting the first and second assignments of error, which depend upon the state of the evidence currently in the record.

{¶ 32} The University's first and second assignments of error are overruled as moot.

### IV

{¶ 33} The University's third assignment of error having been sustained, and its first and second assignments of error having been overruled as moot, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BROGAN, P.J., and WOLFF, J., concur.