[Cite as *James v. Top of the Hill Renovations*, 2016-Ohio-1190.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

Alonzo James,                                    :

      Plaintiff-Appellee,              :

                                               No. 15AP-888

v.                                               :                    (C.P.C. No. 08MS-01-188)

Top of the Hill Renovations,                     :          (ACCELERATED CALENDAR)

      Defendant-Appellant.             :

---

### D E C I S I O N

**Rendered on March 22, 2016**

---

**On brief:** *Mark. A. Hill*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Top of the Hill Renovations ("Top of the Hill"), appeals from a judgment of the Franklin County Court of Common Pleas denying a motion to vacate and set aside a 2008 judgment in favor of plaintiff-appellee, Alonzo James. For the reasons that follow, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The record in this case shows that Top of the Hill is a business wholly owned by Mark A. Hill. According to the affidavit of mechanics' lien recorded on or about December 7, 2007, Top of the Hill, by and through its "owner," Mark A. Hill, contracted with Herman Moultrie, De'lona Moultrie, and appellee, Alonzo James, to perform work at a residence located at 1508 Orson Drive, Columbus, Ohio. According to the affidavit of mechanics' lien, appellee and the Moultries owned the residence in question.[1] The total

---

[1] The Moultries have not been made parties to this appeal.

amount of the claim secured by the lien is $4,700. The address of the lienholder, as set forth in the affidavit, is 1717 Cordell Avenue, Columbus, Ohio.

{¶ 3} On January 30, 2008, appellee filed an application, pursuant to R.C. 1311.11(C)(1), for approval of a cash deposit as security of the amount of the claim secured by the lien. On that same day, the trial court issued an entry approving appellee's application. On April 8, 2008, appellee filed an "application for release of cash deposit." The stated grounds for the motion were as follows:

> Applicant certifies that a Notice To Commence Suit was served upon Lienholder by James A. Karnes, Sheriff of Franklin County, Ohio, by regular mail on February 6, 2008, following return of certified mail sent January 31, 2008. Attached hereto is proof of service and copy of Notice To Lienholder to Commence Suit. The Lienholder failed to commence suit within 60 days of service as required by R.C. 1311.11 and the lien is null and void.

{¶ 4} On April 8, 2008, the trial court granted appellee's motion and released the cash deposit to appellee. On July 17, 2015, more than seven years after the trial court released the cash deposit to appellee, Hill filed a motion on behalf of Top of the Hill to vacate and set aside the April 8, 2008 judgment. The motion alleges that in 2013, Top of the Hill filed suit against James and the Moultries in case No. 13CV-12-13306, seeking to foreclose on the lien. In the course of that litigation, Top of the Hill learned that the trial court had released the lien in 2008. The stated grounds for the motion to vacate and set aside the 2008 judgment are the lack of personal jurisdiction and failure of statutory notice.

{¶ 5} On August 28, 2015, the trial court denied the motion for the following reasons: (1) Hill, as a non-attorney, was not authorized to initiate legal proceedings on behalf of Top of the Hill, and (2) the April 8, 2008 entry approving appellee's application to release the cash deposit is not a judgment.

{¶ 6} On September 23, 2015, appellant filed a notice of appeal to this court and an App.R. 9(C) statement of the evidence. On December 21, 2015, appellant filed a motion, pursuant to Evid.R. 201, asking this court to take judicial notice of a copy of a December 7, 2007 letter reportedly sent by the Moultrie's legal counsel to Hill at 1289 Linwood Avenue in Columbus. Appellant submits that the letter is proof that appellee

knew the correct service address for the lienholder but did not serve the lienholder at that address.

## II.  ASSIGNMENTS OF ERROR

{¶ 7}  Appellant sets forth the following assignments of error:

[1.] The trial court abused it's [sic] discretion, erring to the prejudice of Appellant, in deciding that Appellant is a non-party practicing law unlicensed.

[2.] The trial court abused it's [sic] discretion, and issued an Order contrary to law, in ruling that it's [sic] Entry is not a judgment entry.

[3.] The trial court's order denying Appellant's motion to vacate is against the manifest weight of the evidence.

## III.  Standard of Review

{¶ 8}  "[A] party seeking relief from judgment under Civ.R. 60(B) 'must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time.' "  *PHH Mtge. Corp. v. Santiago*, 10th Dist. No. 11AP-562, 2012-Ohio-942, ¶ 11, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.  A movant must establish all three of these requirements to obtain relief from judgment.  *Bank of Am., N.A. v. Pasqualone*, 10th Dist. No. 13AP-87, 2013-Ohio-5795, ¶ 14, citing *Flagstar Bank, FSB v. Hairston*, 10th Dist. No. 12AP-679, 2013-Ohio-1151, ¶ 7.  We review trial court decisions on Civ.R. 60(B) motions pursuant to an abuse-of-discretion standard of review.  *Id.*, citing *Hairston* at ¶ 6.  We will not reverse the trial court's decision absent a finding that the trial court acted arbitrarily, unconscionably, or unreasonably.  *Id.*

{¶ 9}  A common law motion to vacate is utilized to set aside a judgment rendered by a court that has not acquired personal jurisdiction over the defendant.  *Freedom Mtge. Corp. v. Groom*, 10th Dist. No. 08AP-761, 2009-Ohio-4482, ¶ 19.  A trial court's decision to deny a motion to vacate judgment is reviewed on appeal for an abuse of discretion whether that motion is made pursuant to Civ.R. 60(B) or under the common law.  *Id.  See*

*also Spotsylvania Mall Co. v. Nobahar*, 7th Dist. No. 11 MA 82, 2013-Ohio-1280, ¶ 14, citing *GTE Automatic Elec.* at 150.

## IV. LEGAL ANALYSIS

### A. First Assignment of Error

{¶ 10} In the first assignment of error, appellant argues that the trial court erred when it determined that appellant, as a non-attorney, had engaged in the unauthorized practice of law by filing a motion for relief from judgment on behalf of appellant. We agree.

{¶ 11} Under Ohio law, a corporation can maintain litigation or appear in court only through an attorney admitted to the practice of law and may not do so through an officer of the corporation or some other appointed agent. *Disciplinary Counsel v. Givens*, 106 Ohio St.3d 144, 2005-Ohio-4104. The trial court determined that because Top of the Hill is a corporation and Hill is not an attorney, Hill engaged in the unauthorized practice of law when he filed the July 17, 2015 motion on behalf of Top of the Hill. The record, however, does not support the trial court's determination that Top of the Hill is a corporation.

{¶ 12} A "corporation" is defined generally as "[a]n entity (usu[ally] a business) having authority under law to act as a single person distinct from the shareholders who own it and having rights to issue stock and exist indefinitely." *Black's Law Dictionary* 341 (7th Ed.2009). Conversely, the Supreme Court of Ohio has defined a "sole proprietorship" as an individual doing business under a fictitious name while remaining "one person, personally liable for all his obligations." *Patterson v. V & M Auto Body*, 63 Ohio St.3d 573 (1992).

{¶ 13} In the affidavit of mechanics' lien and throughout this litigation, Hill has identified himself as "owner" of Top of the Hill. Hill has never referred to himself by any title or designation that would suggest that he is an officer, agent, employee, or shareholder of a corporation known as Top of the Hill. Additionally, in referring to Top of the Hill, neither party has included a corporate designation or any other designation identifying Top of the Hill as a legal entity separate and apart from its owner.

{¶ 14} On this record, we find that the trial court erred when it determined that Top of the Hill is a corporation having a separate legal identity from its owner, Hill. As a

consequence, the trial court erred when it determined that Hill had engaged in the unauthorized practice of law when he filed the July 17, 2015 motion. Accordingly, appellant's first assignment of error is sustained.

## B. Second Assignment of Error

{¶ 15} In the second assignment of error, appellant argues that the trial court erred when it determined that the April 8, 2008 entry was not a judgment from which appellant could seek relief. We agree.

{¶ 16} Civ.R. 54(A) defines a "[j]udgment" as "a decree and any order from which an appeal lies as provided in section 2505.02 of the Revised Code." R.C. 2505.02(B) provides:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial.

{¶ 17} " ' "The entire concept of 'final orders' is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." ' " *Browder v. Shea*, 10th Dist. No. 04AP-1217, 2005-Ohio-4782, ¶ 10, quoting *Noble v. Colwell*, 44 Ohio St.3d 92, 94 (1989), quoting *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971). Conversely, " ' "[a] judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." ' " *Id.*, quoting *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, ¶ 4, quoting *Bell v. Horton,* 142 Ohio App.3d 694, 696 (4th Dist.2001).

{¶ 18} The mechanics' lien provisions at issue in this case are found in R.C. 1311.11. R.C. 1311.11(C) provides, in relevant part, as follows:

(1) Before or after suit has been commenced upon a lien, and whether or not a notice to commence suit has been served, a * * * cash deposit, * * * may be provided in double the amount of the claim secured by the lien * * *.

An application shall be made to the court of common pleas for approval of a * * * cash deposit, * * * and notice of a hearing on the application shall be given to the lienholder or his agent.

* * *

(3) As of the date of the entry of approval, the security of the * * * cash deposit * * * shall be substituted for the security of the lien, and the lien is void and the property wholly discharged from the lien.

A * * * cash deposit * * * is released, upon failure of the lienholder to commence suit within the time allowed pursuant to division (B) of this section.

{¶ 19} R.C. 1311.11(B)(3) provides, in relevant part, as follows:

If the lienholder fails to commence suit upon the lien within sixty days after completion of service upon him of the notice to commence suit, * * * the lien is void and the property wholly discharged from the lien. When a lien is void by reason of failure to commence suit within sixty days after service of the notice to commence suit, the claim upon which the lien was founded is not prejudiced by the failure, except for the loss of the lien as security for the claim.

{¶ 20} Based on the statutory provisions, we find that the trial court's April 8, 2015 entry releasing the cash bond deposited by appellee as security of the amount of the claim previously secured by the lien is a "judgment" for purposes of Civ.R. 54 and R.C. 2305.02. Though the entry in question does not prevent the lienholder from obtaining a judgment in a subsequent action on the contract, the entry discharged appellee from any liability to appellant for the cash deposited as security for the amount of the claim previously secured by the lien. Such an entry is a "judgment" from which an appeal may lie. *In re Mechanics' Lien of Whitta*, 7 Ohio App.3d 153 (3d Dist.1982). *See also Mid-Ohio Mechanical v. Eisenmann Corp.*, 5th Dist. No. 07 CA 000035, 2009-Ohio-5804 (trial court issued a judgment when it accepted a cash deposit substituting the deposit for the

lien and terminating the action on the lien automatically).  Accordingly, we sustain appellant's second assignment of error.

### C.  Third Assignment of Error

{¶ 21} In his third assignment of error, appellant alleges that the judgment of the trial court is against the manifest weight of the evidence.  More particularly, appellant alleges that the record does not show that appellee complied with the notice requirements of R.C. 1311.11 with regard to the application for a cash deposit and the notice to commence suit.

{¶ 22} Because the trial court erroneously concluded that the April 8, 2008 entry was not a judgment and that Hill had engaged in the unauthorized practice of law by filing the motion on behalf of Top of the Hill, the trial court never reached the merits of appellant's motion.  As a general rule, "where a judgment of a trial court is reversed because of a prejudicial error in the course of the proceedings, the appropriate remedy is to reverse the judgment and remand the proceedings to be resumed at the point where the error occurred."  *Cohen v. Univ. of Dayton*, 164 Ohio App.3d 29, 2005-Ohio-5780, ¶ 30 (2d Dist.).  Accordingly, we will not reach the merits of appellant's motion for the first time in this appeal.  Rather, we will reverse the trial court's judgment and remand the case to the trial court for a determination of the merits of appellant's motion.

{¶ 23} For the foregoing reasons, appellant's third assignment of error is rendered moot.

## V.  CONCLUSION

{¶ 24} Having sustained appellant's first and second assignments of error and having rendered appellant's third assignment of error moot, we reverse the judgment of the Franklin County Court of Common Pleas and remand this case for a determination of the merits of appellant's motion.  Furthermore, given our remand of this case to the trial court for further proceedings, appellant's motion for judicial notice is moot.

*Judgment reversed and cause remanded;*
*motion for judicial notice moot.*

TYACK and BROWN, JJ., concur.

––––––––––––––––––