[Cite as *Mangan v. Morocho & Garcia Constr., L.L.C.*, 2024-Ohio-2241.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Patrick Mangan, Administrator of the Estate of Luis Alfonso Pillcorema Yadaicela, deceased, | : | |
| | : | |
| Plaintiff-Appellee, | : | No. 23AP-397 (C.P.C. No. 21CV-5672) |
| v. | : | (ACCELERATED CALENDAR) |
| Morocho and Garcia Construction LLC et al., | : | |
| | : | |
| Defendants-Appellants. | : | |
| | : | |

———————

D E C I S I O N

Rendered on June 11, 2024

———————

**On brief:** *Malek & Malek*, *LLC*, and *Jim Malek*, for appellee.
**Argued:** *Jim Malek*.

**On brief:** *Alvaro G. Velez*, for appellant.

———————

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Jose Remigio Morocho, appeals from a judgment of the Franklin County Court of Common Pleas awarding damages, pursuant to a default judgment entry, to plaintiff-appellee, Patrick Mangan, administrator of the estate of Luis Alfonso Pillcorema Yadaicela, deceased ("the Estate") on claims for wrongful death and survivorship. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} Luis Alfonso Pillcorema Yadaicela ("Pillcorema") was working at a residential home construction site in Galena, Ohio, on March 30, 2017, when a falling steel I-beam

struck and killed him. At the time of his death, Pillcorema was working for Morocho and Garcia Construction, LLC ("M&G Construction"). Dotson Builders, LLC ("Dotson") was the framing subcontractor on the construction project and had contracted with M&G Construction to perform the framing. Morocho was the co-owner of M&G Construction.

{¶ 3} The Estate filed a complaint against Dotson, M&G Construction, and Morocho, asserting claims of negligence and workplace intentional tort against M&G Construction and Morocho, negligence and breach of the duty imposed by R.C. 4101.11 against Dotson, survivorship, and wrongful death.[1]

{¶ 4} Dotson filed an answer to the complaint and cross-claims against M&G Construction and Morocho for indemnification and contribution. Dotson subsequently moved for summary judgment on the Estate's claims against it, asserting there were no genuine issues of material fact and it was entitled to judgment as a matter of law. The trial court granted summary judgment in Dotson's favor on the Estate's claims against it and dismissed Dotson from the action.

{¶ 5} On April 26, 2022, the Estate moved for default judgment against Morocho, asserting he had been served by certified mail and failed to answer or otherwise appear in the action. Morocho did not file a response to the motion for default judgment. The trial court granted the Estate's motion for default judgment against Morocho on June 16, 2022, and ordered a hearing on the issue of damages. A magistrate of the trial court conducted a damages hearing and issued a decision on July 8, 2022, awarding $7,448 for funeral expenses, $250,000 on the survivorship claim, $1,000,000 to Pillcorema's wife on the wrongful death claim, and $200,000 each to Pillcorema's four children on the wrongful death claim, for a total damage award of $2,057,448. On August 10, 2022, the trial court issued a final entry adopting the magistrate's decision granting judgment against Morocho for $2,057,448, plus court costs and statutory interest.

{¶ 6} Morocho appealed the decision to this court; we dismissed the appeal for lack of jurisdiction concluding the August 10, 2022 judgment was not a final, appealable order because the Estate's claims against M&G Construction had not been resolved and the

---

[1] The Estate initially filed suit against M&G Construction, Morocho, Dotson, and other entities in March 2019, in Franklin C.P. No. 19CV-2700. The Estate voluntarily dismissed that suit without prejudice pursuant to Civ.R. 41(A)(1) in September 2020. The present appeal arises from a re-filed complaint that was filed in September 2021.

judgment did not contain Civ.R. 54(B) language. *Mangan v. Morocho & Garcia Constr.,
L.L.C.*, 10th Dist. No. 22AP-545, 2023-Ohio-1452, ¶ 12-13.

{¶ 7} On May 31, 2023, the Estate voluntarily dismissed its claims against M&G
Construction without prejudice pursuant to Civ.R. 41(A)(1). On June 7, 2023, the trial court
issued a nunc pro tunc judgment entry adopting the July 8, 2022 magistrate's decision,
granting judgment against Morocho for $2,057,448, plus court costs and statutory interest.

## II. Assignments of Error

{¶ 8} Morocho appeals and assigns the following three assignments of error for our
review:

> I. The Trial Court does not have jurisdiction because the
> process Service of the summons and the complaint is defective.
>
> II. The Trial Court erred by awarding $2,057,448 as a default
> Judgment because it is excessive.
>
> III. The Trial Court erred by adopting the Magistrate's damage
> Award because the Magistrate's finding of fact - as a basis to
> award damages – is in erroneous.

## III. Discussion

## A. Whether the trial court had personal jurisdiction over Morocho

{¶ 9} In his first assignment of error, Morocho asserts the trial court lacked
personal jurisdiction over him because service of the summons and complaint on him by
certified mail was defective. Morocho argues the record fails to establish that the summons
and complaint were actually delivered to him at his home address.

{¶ 10} "Personal jurisdiction is a question of law that appellate courts review de
novo." *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551,
¶ 27. A judgment rendered without personal jurisdiction over the defendant is void.
*Columbus, Div. of Income Tax v. Yockey*, 10th Dist. No. 19AP-559, 2020-Ohio-3290, ¶ 14.

{¶ 11} "There are three methods for a court to acquire personal jurisdiction over a
defendant: (1) proper service of process, (2) the defendant's voluntary appearance and
submission to the court's jurisdiction, and (3) acts by the defendant or the defendant's
counsel that involuntarily subject the defendant to the court's jurisdiction." *Id. See Liberty
Credit Servs. v. Walsh*, 10th Dist. No. 04AP-360, 2005-Ohio-894, ¶ 7 ("It is axiomatic that
a court lacks personal jurisdiction to enter a default judgment against a defendant when

effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service."). The Estate does not suggest that Morocho voluntarily appeared and submitted to the trial court's jurisdiction in the action below or otherwise acted in a way that involuntarily subjected him to the court's jurisdiction. Likewise, we do not find anything in the record indicating the trial court acquired personal jurisdiction through those methods. Therefore, the question presented in Morocho's first assignment of error is whether the trial court acquired personal jurisdiction over Morocho through proper service of process.

{¶ 12} Civ.R. 4.1(A)(1)(a) provides that service of process may be made by certified mail:

> Evidenced by return receipt signed by any person, service of any process shall be by United States certified or express mail unless otherwise permitted by these rules. The clerk shall deliver a copy of the process and complaint or other document to be served to the United States Postal Service for mailing at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk as certified or express mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.

"A rebuttable presumption of proper service arises when a plaintiff complies with the civil rules governing service." *Sullivan v. N. Eighteenth St. Energy Efficient Homeownership Project Ltd. Partnership*, 10th Dist. No. 21AP-367, 2022-Ohio-1472, ¶ 14. "When service is attempted by certified mail, a signed receipt returned to the sender establishes a prima facie case of delivery to the addressee." *TCC Mgt. v. Clapp*, 10th Dist. No. 05AP-42, 2005-Ohio-4357, ¶ 11.

{¶ 13} "[W]hen a party claims a trial court lacked personal jurisdiction over them due to improper service of process, the appropriate method to challenge such void judgment is through a common law motion to vacate." *Chuang Dev.*, *L.L.C. v. Raina*, 10th Dist. No. 15AP-1062, 2017-Ohio-3000, ¶ 29. *See James v. Top of the Hill Renovations*, 10th Dist. No. 15AP-888, 2016-Ohio-1190, ¶ 9 ("A common law motion to vacate is utilized to set aside a judgment rendered by a court that has not acquired personal jurisdiction over the defendant."). Such a motion can be supported with evidence of lack of service, which can rebut a presumption of valid service. *See Raina* at ¶ 32 ("A defendant can rebut the

presumption of proper service with sufficient evidence that service was not accomplished."). In this case, Morocho did not file a common law motion to vacate or a Civ.R. 60(B) motion for relief from judgment in the trial court, instead filing a direct appeal to this court. Without filing a motion for relief in the trial court, Morocho could not submit record evidence to support his claim that the certified mail addressed to him, with a certified number ending in 2437, was not delivered to his home address. We are limited to the record before us, which contains no evidence to support the assertion in Morocho's brief on appeal that he did not receive the certified mail containing the summons and complaint.

{¶ 14} Although the civil rules govern how service is to be made, those rules "do not specify where, or to whom, process may be served." *Raina* at ¶ 34. A plaintiff must comply with the requirements of due process in deciding where to direct service. *Id.* Due process requires that notice be reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Id.*

{¶ 15} In this case, the Estate requested service of the complaint by certified mail on Morocho at 75 South Eureka Avenue, Columbus, Ohio. The summons and complaint were sent to Morocho at that address by certified mail, with a certified number ending in 2437, on September 10, 2021. The return of service information provided by the United States Postal Service indicated that the certified mail addressed to Morocho, with a certified number ending in 2437, was delivered on September 11, 2021, at 1:28 p.m. The recipient signature and address information on the return receipt is illegible, consisting of horizontal lines drawn across the signature and address areas.[2] Morocho argues this illegible return receipt is insufficient to satisfy the requirements of the civil rules because it does not show who received the certified mail or the address where it was delivered.

{¶ 16} There does not appear to be any dispute that Morocho lives at 75 South Eureka Avenue. In a deposition conducted before the Estate's voluntary dismissal of its first complaint, Morocho admitted to owning and living in the house located at 75 South

---

[2] The Estate also requested service of the complaint on M&G Construction, in care of Morocho, by certified mail to 75 South Eureka Avenue. The summons and complaint were sent to M&G Construction by certified mail on September 10, 2021, with a certified number ending in 2444. Similar to the mailing addressed to Morocho in his individual capacity, the return of service information for the certified mail addressed to M&G Construction, with a certified number ending in 2444, also indicates delivery on September 11, 2021, at 1:28 p.m. The recipient signature and address information for certified number 2444 appears to be identical to that of certified number 2437, with the same horizontal lines drawn across the signature and address areas.

Eureka Avenue. Morocho explained that the house was a duplex, with the other unit in the building being 73 South Eureka Avenue. Morocho stated that he received mail at 75 South Eureka Avenue and that sometimes his mail would be delivered to 73 South Eureka Avenue, but the residents of that side would give any misdelivered mail to him. In this appeal, Morocho does not claim that he does not live at 75 South Eureka Avenue; rather, he claims the record fails to establish that the summons and complaint were served on him by certified mail at that address. Thus, the Estate complied with the requirements of due process by directing service to Morocho at an address where it was reasonably calculated to reach him and notify him of the proceeding and afford him an opportunity to respond. *See Raina* at ¶ 34.

{¶ 17} Although the certified mail containing the summons and complaint was addressed to Morocho, it need not have been delivered to him personally for service to be effective. "Civ.R. 4.1(A) does not require that delivery is restricted to the defendant or to a person authorized to receive service of process on the defendant's behalf." *Clapp* at ¶ 11. Thus, this court has held that "[v]alid service of process is presumed when *any person* at the defendant's address received the certified mail envelope, whether or not the recipient is the defendant's agent." (Emphasis added.) *Id.* The key issue for resolving Morocho's first assignment of error is whether the return receipt for the certified mailing sent to him, including the illegible horizontal lines in the recipient signature and recipient address portions, was sufficient to create a presumption of valid service based on receipt by some person at Morocho's address.

{¶ 18} In *Walsh*, this court considered the validity of service in a case where the record contained a return receipt bearing an illegible signature for a certified mailing of the summons and complaint to the defendant. *Walsh* at ¶ 2. The defendant submitted an affidavit in support of a motion for relief from default judgment attesting that the name used on the certified mail was her maiden name, which she had not used for nearly 20 years. *Id.* at ¶ 10. The defendant also averred that although the certified mail was sent to an address where she previously resided, she had moved from that address more than two months before the certified mail was purportedly delivered. *Id.* at ¶ 11. The defendant further claimed that she had no actual notice of the case until after default judgment had been issued. *Id.* at ¶ 12. Based on those facts, the court concluded that service was not

reasonably calculated to give the defendant notice of the pending lawsuit and, therefore, the trial court lacked personal jurisdiction over her. *Id.* at ¶ 13. As explained above, in the present case, Morocho has not presented the type of evidence that was established in *Walsh* to rebut the presumption of valid service.

{¶ 19} We find this case to be distinguishable from recent decisions from other courts involving the validity of service when a certified mail return receipt contains a "Covid 19" or "C19" notation in lieu of a recipient's signature, due to measures taken by the United States Postal Service during the height of the COVID-19 pandemic. *See Finnell v. Eppens*, S.D. Ohio No. 1:20-cv-337 (June 4, 2021) (explaining that in response to the pandemic the postal service adopted a signature policy for certified mail in which "the USPS instructed its delivery personnel to ensure that someone was at the address to receive the letter, to ask that person for their name, and to then leave the letter where the person could get it" and then the mail carrier would complete the return receipt). In a leading decision on the issue, the First District Court of Appeals concluded that a designation such as "Covid 19" or "C19" on a certified mail return receipt signature line was insufficient to establish valid service under Civ.R. 4.1(A). *Cuc Properties VI, L.L.C. v. Smartlink Ventures, Inc.*, 1st Dist. No. C-210003, 2021-Ohio-3428, ¶ 15. Other Ohio courts have followed or cited the *Smartlink* decision when considering certified mail return receipts with similar notations. *See In re Adoption of M.J.A.*, 12th Dist. No. CA2022-05-051, 2022-Ohio-3275, ¶ 16-23 (affirming decision vacating adoption decree where child's biological mother averred she did not receive notice of petition for adoption and certified mail return receipt contained a squiggly line directly above a "C-19" notation); *Progressive Direct Ins. Co. v. Williams*, 3d Dist. No. 9-21-26, 2022-Ohio-887, ¶ 18 (holding that hearing was warranted on defendant's motion to vacate where defendant averred in affidavit that he did not receive the complaint and the certified mail return receipt for the complaint had "C19" on the signature line). There is nothing in the record in this case suggesting that the horizontal lines drawn on the return receipt for the certified mailing sent to Morocho were made pursuant to the COVID-19 procedure. By contrast, the return receipt for the certified mail sent to Dotson clearly bears a "C19" notation and an abbreviation of the delivery address.

{¶ 20} Rather than the COVID-19 cases, this case is more analogous to a recent decision from the Second District Court of Appeals holding that an illegible signature on a

certified mail return receipt was sufficient to create a rebuttable presumption of valid service. *Cincinnati Ins. Co. v. Hall*, 2d Dist. No. 29288, 2022-Ohio-1112, ¶ 22. In *Hall*, an electronic return receipt indicated the certified mail containing the summons and complaint was delivered and left with an individual. *Id.* at ¶ 5. The signature line on the return receipt "contain[ed] illegible letters but ha[d] been completed," and the address line "contain[ed] illegible markings that appear[ed] to begin with the number '10' followed by the letter 'B.' " *Id.* The Second District noted that valid service by certified mail does not require a signature from a defendant or an authorized agent, and that valid service is presumed when any person at the defendant's address signs the return receipt. *Id.* at ¶ 15. The court found no evidence to suggest the illegible signature was made by the mail carrier. *Id.* at ¶ 21. Therefore, the court concluded the return receipt was minimally sufficient on its face to create a rebuttable presumption of valid service. *Id.* at ¶ 22.

{¶ 21} In this case, the summons and complaint were sent by certified mail to Morocho's home address and Morocho does not dispute that he lived at that address at the purported time of delivery. The return receipt from the postal service indicated the certified mail was delivered, although the recipient signature and recipient address fields on the receipt contained only horizontal lines. There was nothing on the return receipt indicating the mail carrier completed the return receipt in lieu of having someone at Morocho's address complete it. Morocho has not presented any evidence, via affidavit or other means, establishing the summons and complaint were not delivered to his home. Under these circumstances, because the Estate followed the process set forth in Civ.R. 4.1(A) for certified mail service, the rebuttable presumption of proper service arose, and Morocho has failed to present sufficient evidence to demonstrate that service was not accomplished. Therefore, Morocho has failed to demonstrate the trial court lacked personal jurisdiction over him.

{¶ 22} Accordingly, we overrule Morocho's first assignment of error.

## B. Whether the trial court erred in granting substantial damages through default judgment

{¶ 23} In his second assignment of error, Morocho argues the trial court erred by granting more than $2 million in damages through a default judgment award.

{¶ 24} Generally, an award of damages is reviewed for abuse of discretion and this court has applied that standard of review in appeals from damages awarded pursuant to a

default judgment. *See Columbus Invest. Group v. Maynard*, 10th Dist. No. 02AP-271, 2002-Ohio-5968, ¶ 27.[3] An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable; however, no court has authority to commit an error of law when exercising its discretion. *State v. Spirnak*, 10th Dist. No. 19AP-261, 2020-Ohio-6838, ¶ 16.

**{¶ 25}** Morocho argues the amount of damages awarded on the default judgment in this case, in excess of $2 million, is contrary to the principle that cases should be decided on their merits rather than on technicalities. "This court has acknowledged that courts in Ohio have adhered to the observation of the federal courts that matters involving large sums of money should not be determined by default judgments if it can reasonably be avoided." *Accu-Check Instrument Serv. v. Sunbelt Business Advisors of Cent. Ohio*, 10th Dist. No. 09AP-505, 2009-Ohio-6849, ¶ 21. *See also Colley v. Bazell*, 64 Ohio St.2d 243, 249 (1980) fn. 5, quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir.1951) (" 'Matters involving large sums should not be determined by default judgments if it can reasonably be avoided.' "). Notwithstanding that general principle, Morocho has not cited any precedent holding that a substantial damages award following a default judgment necessarily constitutes an abuse of discretion. *See Hommel v. Mark 500, Inc.*, 8th Dist. No. 51005 (Oct. 23, 1986) ("The mere fact that the amount of the judgment rendered was large did not, by itself, require the trial court to set aside the default judgment.").

**{¶ 26}** Civ.R. 55(A) provides that a trial court may conduct a hearing to determine the amount of damages pursuant to a default judgment entry. *See Am. Communications of Ohio, Inc. v. Hussein*, 10th Dist. No. 11AP-352, 2011-Ohio-6766, ¶ 16, quoting *L.S. Industries v. Coe*, 9th Dist. No. 22603, 2005-Ohio-6736, ¶ 20 ("If * * * 'the determination of damages necessarily requires consideration of information outside a written instrument,

---

[3] Ohio's appellate courts are divided on the appropriate standard of review for a damages award pursuant to a default judgment. The Third, Fourth, Sixth, Seventh, Eighth, Ninth, and Eleventh District Courts of Appeals have held that because Civ.R. 54(C) and 55(C) govern the damages that may be awarded on default judgment, such awards are reviewed de novo on appeal. *See Smith v. Perkins*, 3d Dist. No. 5-23-18, 2024-Ohio-1419, ¶ 31; *Sailors v. Pacheco*, 11th Dist. No. 2021-L-011, 2021-Ohio-3180, ¶ 43; *First Natl. Bank of Bellevue v. NE Port Invests., L.L.C.*, 6th Dist. No. OT-14-027, 2015-Ohio-558, ¶ 21; *Arendt v. Price*, 8th Dist. No. 101710, 2015-Ohio-528, ¶ 8; *State ex rel. DeWine v. A&L Salvage*, 7th Dist. No. 11 CO 39, 2013-Ohio-664, ¶ 18; *Dye v. Smith*, 189 Ohio App.3d 116, 2010-Ohio-3539, ¶ 7 (4th Dist.); *McEnteer v. Moss*, 9th Dist. No. 22201, 2005-Ohio-2679, ¶ 6. In addition to this court, the Second and Twelfth District Courts of Appeals have applied the general abuse of discretion standard to a damages award pursuant to a default judgment. *See Henry v. Richardson*, 193 Ohio App.3d 375, 2011-Ohio-2098, ¶ 8 (12th Dist.), fn. 1; *Darke Cty. Veterinary Serv. v. Rucker*, 2d Dist. No. 1727, 2008-Ohio-4009, ¶ 9.

the trial court abuses its discretion in failing to hold an evidentiary hearing to determine the exact amount of damages.' "). In this case, a trial court magistrate conducted a hearing on the amount of damages. At the hearing, the Estate presented testimony from Pillcorema's wife and documentary evidence to support the claims for damages. Based on the testimony and evidence, the magistrate concluded that Pillcorema was 35 years old at the time of his death and had a wife and four children. Pillcorema's wife and youngest child lived in Ohio; the other three children lived in Ecuador and Pillcorema sent funds to Ecuador to support them. The magistrate found that Pillcorema worked 6 to 7 days per week, working at least 60 hours a week to support his family. Pillcorema's wife testified about the financial and emotional burden caused by his death.

{¶ 27} Under these circumstances, based on our review of the evidence presented at the damages hearing, we cannot conclude the magistrate acted unreasonably, arbitrarily, or unconscionably in determining the damages to be awarded on the Estate's claims. Therefore, we find no abuse of discretion in the magistrate's damages award.

{¶ 28} Accordingly, we overrule Morocho's second assignment of error.

## C. Whether the trial court erred in adopting magistrate's decision awarding damages

{¶ 29} In his third assignment of error, Morocho asserts the trial court erred by adopting the magistrate's decision awarding damages to the Estate. Morocho claims the magistrate's decision contains factual errors and argues the magistrate failed to consider certain factors in determining the amount of damages.

{¶ 30} "The standard of review on appeal from a trial court judgment that adopts a magistrate's decision varies with the nature of the issues that were (1) preserved for review through objections before the trial court and (2) raised on appeal by assignment of error." *In re Guardianship of Schwarzbach*, 10th Dist. No. 16AP-670, 2017-Ohio-7299, ¶ 14.

{¶ 31} A party may file written objections to a magistrate's decision within 14 days of the filing of that decision. Civ.R. 53(D)(3)(b)(i). "[A] party's failure to file objections to a magistrate's decision waives all but plain error" on appeal. *In re G.S.*, 10th Dist. No. 10AP-734, 2011-Ohio-2487, ¶ 6. *See* Civ.R. 53(D)(3)(b)(iv) ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal

conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).").

**{¶ 32}** "In civil cases, courts apply the doctrine of plain error 'with the utmost caution.' " *Caballero v. Caballero*, 10th Dist. No. 22AP-450, 2023-Ohio-1006, ¶ 11, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). "Courts will find that plain error has occurred 'only in the extremely rare case involving exceptional circumstances where error * * * seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.' " *Id.*, quoting *Goldfuss* at syllabus.

**{¶ 33}** Morocho did not file objections to the magistrate's decision; therefore, he has waived all but plain error on appeal. In his brief on appeal, Morocho has failed to argue or demonstrate plain error in the magistrate's decision. *See Franklin Cty. Children Servs. v. Copley*, 10th Dist. No. 22AP-159, 2022-Ohio-3406, ¶ 11 (overruling assignment of error asserting factual error in magistrate's decision because appellant did not file objections to the magistrate's decision and did not argue plain error on appeal); *Davis v. Davis*, 10th Dist. No. 17AP-664, 2018-Ohio-3180, ¶ 11 (overruling assignments of error related to magistrate's decision where appellant failed to allege or otherwise demonstrate plain error).

**{¶ 34}** Accordingly, we overrule Morocho's third assignment of error.

## IV. Conclusion

**{¶ 35}** For the foregoing reasons, we overrule Morocho's three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and JAMISON, JJ., concur.

———————————