In re Termeer, Appellant.

(No. 76CV-06-2118—Decided February 11, 1977.)

Court of Common Pleas of Franklin County.

*Mr. Charles I. Cohen,* assistant prosecuting attorney, for plaintiff-appellee.
*Mr. Robert Suhr,* for defendant-appellant.

Fais, J. This matter is on appeal from a decision rendered by the Fire Board of Washington and Perry Townships.

Following a hearing conducted by said board, appellant was suspended from his position as Chief of the Washington-Perry Joint Fire Department for a period of one hundred and twenty (120) days without compensation.

R. C. 505.38 provides, in part, that an appeal may be had from the decision of the board to the Court of Common Pleas of the county in which such township fire department is situated. It is further provided that the court shall determine the sufficiency of the cause of the action taken.

Appellate jurisdiction is thus conferred by the above code section upon the Common Pleas Court, and this court after reviewing 760 pages of transcript, finds that the township trustees conducted a quasi-judicial proceeding consisting of the giving of notice and the holding of a hearing

with the opportunity for each side to present its evidence. Both parties sought an administrative adjudication to determine the issues raised by an investigation conducted by an independent person.

This Court has considered the case of *Rankin-Thoman* v. *Caldwell* (1975), 42 Ohio St. 2d 436, to distinguish this case from a quasi-legislative proceeding, where appeal would be unconstitutional, in violation of Section 4(B), Article IV of the Ohio Constitution. The order of the trustees appears to constitute a determination of the rights, duties, privileges, benefits, and/or legal relationships of the parties.

In his claim for relief, appellant set forth four assignments of error.

1. That the action taken by the board is void for the reason that R. C. 505.38 provides for *removal—not suspension.*

2. That the joint township fire board is not a legally constituted body and does not comply with R. C. 505.371.

3. That R. C. 505.38 is unconstitutional as it denies a person a fair and impartial hearing under the Fourteenth Amendment to the United States Constitution and Section 1, Article I of the Ohio Constitution.

4. That the statement of charges served on Chief Termeer were vague, overly broad, lacking in specifics, and without substance, and that the findings by the board were not specific and definitive.

Considered individually, the court concludes, as to the first assignment of error, that R. C. 505.38 affords the board the power to suspend an employee even though the statute only uses the word "remove." As a conclusion of law in this regard, this court finds that implicit with the power of removal, conferred by R. C. 505.38, is the authority and right to suspend. The word "remove" includes the lesser course of action, *i. e.*, suspend. *Burnap* v. *United States* (1920), 252 U. S. 512, is in accord. Suspension without compensation is included in the statute adopted by the legislature, and the court finds no error in the board's proceedings in this regard.

As to assignment of error number two, the minutes of

the meeting of the board dated July 6, 1942, reflect compliance with the statutory requirements in effect at that time.

The appellant argues that the Washington-Perry Township Joint Fire Board is a "legal fiction," and that "any" actions taken by it are void. The phrase "legal fiction" is a contradiction of terms. The board is either one or the other—either legal or a "fiction," and this court finds that R. C. 505.371 provides for the board of trustees of the joint fire district to act as a separate legal entity. This eliminates a requirement of individual township action under R. C. 505.37. Two or more townships, as well as one or more corporations, may unite to create a joint fire district.

The board has continued to function since 1942 as an administrative unit of government for fire protection under R. C. 505.37. Therefore, the court finds that appellant's second assignment of error is not well taken.

Assignment of error number three, contains no specific charges of prejudice or bias. The court finds in this regard, that:

(1) An independent person was employed to investigate the charges and submit his report in writing with facts and specifications.

(2) An investigation was made as requested.

(3) A written report was received and considered.

(4) Appellant recevied notice of the charges filed against him, and his request for a hearing was respected by the board.

(5) A hearing was scheduled, with notice to all parties, and the parties and witnesses appeared.

(6) At the hearing, the opportunity to question each witness directly and by cross-examination was afforded both adversaries.

(7) The hearing proceeded uninterruptedly to a conclusion.

(8) Unanimous findings were made by the board on each of the thirty charges.

(9) The action taken by the board was an exercise of the board's statutory authority and its proceedings can be considered for all intents and purposes quasi-judicial.

104

The object of the hearing was to give each party the opportunity to hear and be heard. It has been held that the legislature can properly confer an administrative board with investigative and adjudicative functions, and this authority does not result in a constitutional infirmity *per se*. *Withrow* v. *Larkin* (1975), 421 U. S. 35. Thus, absent some demonstration of prejudice, bias, conflict of interest or evidence of any denial of due process, the adjudication by the board must be sustained in this regard. The record indicates that appellant was not denied due process of law guaranteed by the Fourteenth Amendment to the United States Constitution and Section 1, Article I of the Ohio Constitution. Finally, none of the members of the board had any financial benefit or detriment in the outcome. The appellant's third assignment of error is, therefore, overruled.

The fourth assignment of error is also overruled since an examination of the charges and the board's findings on such charges reveals that they are neither vague, overly broad or misleading. Counsel for appellant did not request that the board further clarify, restate or explain any of its charges or its findings. It must be assumed that the appellant and his counsel knew and understood the action of the board, even though appellant and his counsel understandably disagreed with the board.

In conclusion, it is appropriate and reasonable for the court to note that the appellant's abilities as a fire chief, his knowledge and expertise in this profession, his value to the community and to the people whose interests he served for so many years, are all a matter of record and the court commends and respects him for such dedicated public service.

The court, however, is duty bound to apply the law as enacted by the state legislature in this instance, and it is the conclusion of the court, after an examination of all of the claims of error, that no error prejudicial to the substantial rights of the defendant occurred herein. The decision of the board must be, and hereby is, affirmed.

*Decision affirmed.*