OPINION
{¶ 1} Maryellen Corna, defendant-appellant, appeals from a judgment of the Franklin County Municipal Court denying her motion for relief from judgment. For the following reasons, we reverse the judgment of the trial court and remand this matter to that court.
 {¶ 2} On July 12, 2002, plaintiff-appellee, Liberty Credit Services, Inc., filed a complaint in the Franklin County Municipal Court, alleging defendant's failure to pay money owed on a credit card account. The complaint named "Mary E. Walsh, AKA Mary Walsh, AKA Mary Corna" as the defendant, and listed 2575 Welsford Rd., Columbus, Ohio, 43221, as defendant's address. Service upon defendant was attempted via certified mail. The record contains a certified mail return receipt, which lists the addressee as "Mary E. Walsh" at 2575 Welsford Rd., Columbus, Ohio, 43221. The receipt contains a signature, which is illegible. The signer's name is not printed on the receipt. The receipt was date-stamped by the Upper Arlington, Ohio, post office on July 17, 2002. The trial court's docket indicates "successful certified mail."
 {¶ 3} Defendant did not file an answer or other responsive pleading to the complaint. On August 29, 2002, plaintiff filed a motion for default judgment. The motion for default judgment was granted on August 30, 2002.
 {¶ 4} On October 6, 2003, defendant moved for relief from judgment pursuant to Civ.R. 60(B). Defendant argued that she was not served with the complaint and that she had a meritorious defense to present concerning the underlying claim. Defendant requested a hearing on the motion.
 {¶ 5} On October 28, 2003, the trial court stayed the judgment awarded to plaintiff and set the matter for oral hearing to be held on December 12, 2003. In its entry, the trial court stated that the oral hearing was "to be held to determine the initial issue of service upon defendant, as well as other matters raised by defendant's affidavit filed herein." On December 2, 2003, the trial court continued the hearing and rescheduled the hearing for January 16, 2004. On January 16, 2004, plaintiff filed a memorandum in opposition to defendant's motion for relief. On January 30, 2004, defendant filed a reply memorandum in support of her motion for relief from judgment. Also on January 30, 2004, plaintiff filed a memorandum, apparently at the request of the trial court,[1] contending that there had been proper service and that defendant's motion was not filed within a reasonable time. The trial court docket indicates that a hearing was scheduled for February 2, 2004.
 {¶ 6} The trial court denied defendant's motion on March 3, 2004. The entry states, "Defendant's Motion for Relief from Judgment is overruled. IT IS SO ORDERED." The trial court did not specify its reasons for denying defendant's motion for relief. Defendant appeals and has assigned the following errors:
I. The Trial Court Erred in Overruling the Motion for Relief from Judgment Because the Judgment was Void Ab Initio for Failure of Service.
II. The Trial Court Erred in Overruling the Motion for Relief from Judgment Because Defendant-Appellant Satisfied the Requirements of Civil Rule 60(B).
 {¶ 7} Under her first assignment of error, defendant argues that the default judgment was void ab initio for failure of service. It is axiomatic that a court lacks personal jurisdiction to enter a default judgment against a defendant when effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service. Rite Rug Co., Inc. v. Wilson (1995),106 Ohio App.3d 59, 62. Here, defendant did not make an appearance in this case or otherwise waive service. Thus, the issue resolves to whether service was improper.
 {¶ 8} In the case at bar, service was attempted via certified mail, pursuant to Civ.R. 4.1(A), which provides as follows:
Evidenced by return receipt signed by any person, service of any process shall be by certified or express mail unless otherwise permitted by these rules. The clerk shall place a copy of the process and complaint or other document to be served in an envelope. The clerk shall address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk with instructions to forward. The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified or express mail return receipt requested with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.
 {¶ 9} The certified mail was addressed to "Mary E. Walsh, 2575 Welsford Rd, Columbus, OH 43221," as evidenced by the return receipt, which is in the record. The return receipt was illegibly signed by an unknown person at the address listed for the defendant on the complaint.
 {¶ 10} In support of her Civ.R. 60(B) motion, defendant submitted evidence in the trial court indicating that the certified mail service was addressed to a surname that defendant had not used since 1984 and an address where defendant did not reside. In her October 6, 2003 affidavit, defendant averred that her "maiden name is Maryellen Walsh (Mary E. Walsh), but I have not held or used that name since 1984." (Defendant's October 6, 2003 affidavit.) For reasons that are not apparent from the record, the certified mail was addressed to "Mary E. Walsh," a name that, according to the evidence before the trial court, defendant has not used since 1984. We note that plaintiff was aware of defendant's use of the surname "Corna," as indicated by the complaint itself. Significantly, upon our review of the record and plaintiff's appellate brief, we find that plaintiff has not disputed defendant's statement that she has not used the surname "Walsh" since 1984.
 {¶ 11} In view of the record before this court, the only evidence before the trial court regarding defendant's place of residence indicated that defendant did not reside at 2575 Welsford Road when service was attempted at that address. According to her January 30, 2004 affidavit, defendant moved from 2575 Welsford Road to 5801 Berkshire Court in Dublin on May 1, 2002. Defendant also alleged in the affidavit that she filed a forwarding order for her mail on May 15, 2002. We note that plaintiff's complaint was filed on July 12, 2002, and the certified mail return receipt was date-stamped on July 17, 2002. Therefore, in view of the evidence presented by defendant, she was not residing at 2575 Welsford Road at the time the certified mail return receipt was illegibly signed.
 {¶ 12} Plaintiff contends that the 2575 Welsford Road address "was the correct address for Mary E. Walsh nka Mary Corna." (Plaintiff's brief, at 3.) However, contrary to plaintiff's assertion, the only evidence in the record on this issue reveals that 2575 Welsford was defendant's former address; that is, she moved from 2575 Welsford to 5801 Berkshire on May 1, 2002. Moreover, defendant alleged in an affidavit that she had no actual notice of this case until after default judgment was rendered. The record contains no evidence disputing these facts or otherwise discrediting defendant on these issues.
 {¶ 13} In Akron-Canton Regional Airport Authority v. Swinehart
(1980), 62 Ohio St.2d 403, 406, the Supreme Court of Ohio stated that "[s]o long as service is `reasonably calculated' to reach interested parties, then the service is constitutionally sound." Under the collective facts of this case, we can only conclude that service was not made in a manner reasonably calculated to give notice of the pending lawsuit to defendant. The trial court lacked personal jurisdiction over defendant, and the default judgment of the trial court is therefore void ab initio.
 {¶ 14} Based on the foregoing, we sustain defendant's first assignment of error. This determination as to defendant's first assignment of error renders defendant's second assignment of error moot. Accordingly, the judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court for proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
Lazarus and Sadler, JJ., concur.
[1] Plaintiff's January 30, 2004 memorandum states: "At an oral hearing on Defendant's motion for relief from judgment, this Court requested a brief on the narrow legal issue of whether knowledge of an action, distinct from service of process, commenced the timeliness requirement of Civ.R. 60(B)."