[Cite as *Whitright v. Whitright*, 2019-Ohio-326.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| DAVID A. WHITRIGHT, | : | **O P I N I O N** |
| Plaintiff, | : | |
| - vs - | : | **CASE NO. 2018-G-0155** |
| RODNEY WHITRIGHT, et al., | : | |
| Defendants-Appellants, | : | |
| GEAUGA SAVINGS BANK, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2014 M 000571.

Judgment: Affirmed.

*Brian L. Bly*, Ibold & O'Brien, 401 South Street, Chardon, OH 44024 (For Defendants-Appellants).

*Kurt D. Anderson*, Collins, Roche, Utley & Garner, LLC, 800 Westpoint Parkway, Suite 1100, Westlake, OH 44145, and *Stephen J. Crawford*, Crawford Law LLC, 323 W. Lakeside Avenue, Suite 340, Cleveland, OH 44113 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1} Defendants-appellants, Rodney Whitright and Dorothy Whitright, aka Dorothy Opatrny (collectively "appellants"), appeal from the judgment of the Geauga County Court of Common Pleas, denying their Motion to Vacate the court's entry granting foreclosure. The issue to be determined in this case is whether a court has

jurisdiction over defendants and its judgment ruling on a cross-claim is void when the defendants were properly served with a summons and original complaint but not with a copy of the cross-claim. For the following reasons, we affirm the judgment of the lower court.

{¶2} On July 16, 2014, plaintiff, David Whitright, filed a Complaint against his son, Rodney and Rodney's ex-wife, Dorothy, seeking a partition of a parcel of real estate located in Chardon, Ohio, which the three co-owned. Geauga Savings Bank, which held a mortgage on the real estate, was also named as a defendant. This Complaint was served on each of the defendants.

{¶3} Attorney Brian Bly filed a Notice of Appearance on behalf of Rodney on August 20, 2014, and on the same date filed a Motion for Enlargement of Time to Respond to Complaint.

{¶4} Dorothy's counsel, attorney David McGee, filed an Answer and Cross-claim against Rodney, seeking indemnification, on September 4, 2014. Rodney's counsel filed replies to the Complaint and Cross-claim on October 7, 2014.

{¶5} Geauga Savings Bank filed an Answer, Counter-claim, and Cross-claim against Defendants Rodney Whitright and Dorothy Opatrny on October 8, 2014. It claimed that it was entitled to a money judgment against Rodney and Dorothy on a promissory note and foreclosure of its mortgage on the property. Regarding service, the record indicates that, for Rodney, service was made directly to his address, the location of the real estate upon which the foreclosure was sought. For Dorothy, service was made to Attorney Bly, who represented Rodney but not Dorothy.

{¶6} Dorothy did not file a reply to Geauga Savings Bank's Cross-claim.

2

Rodney filed a reply, through counsel, on November 13, 2014, raising the affirmative defenses of "insufficiency of process" and "insufficiency of service of process."

{¶7} On December 10, 2015, Geauga Savings Bank filed a Motion for Summary Judgment.

{¶8} The court issued a Judgment Entry and Decree of Foreclosure on March 21, 2016. On December 19, 2016, an Order Confirming Sheriff's Sale was filed.

{¶9} Rodney and Dorothy filed a Motion to Vacate Void Judgment on November 27, 2017, in which they argued that the foreclosure judgment was void since they had not been properly served with Geauga Savings Bank's Cross-claim. Geauga Savings Bank opposed the Motion, arguing that the judgment was not void since the court had jurisdiction over Rodney and Dorothy. The trial court denied the Motion in a January 9, 2018 Judgment Entry, finding it had jurisdiction and the Motion lacked merit.

{¶10} Appellants raise the following assignment of error on appeal:

{¶11} "The trial court erred in overruling Appellants' Motion to Vacate Void Judgment, when that underlying judgment was granted based on a cross-claim which was never served on either Appellant pursuant to the Ohio Rules of Civil Procedure."

{¶12} Initially, appellants assert that they do not seek to have the court's judgment vacated under Civ.R. 60(B), a common mechanism for a motion for relief from judgment. Rather, they seek to have the judgment found void due to a lack of jurisdiction.

{¶13} "When a court lacks personal jurisdiction over a defendant as a result of deficient service, that defendant is entitled to have the judgment vacated and need not satisfy the requirements of Civ.R. 60(B)." *Famageltto v. Telerico*, 2013-Ohio-3666, 994

3

N.E.2d 932, ¶ 11 (11th Dist.). This is the case because "[t]he authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph four of the syllabus. Where a court does not have jurisdiction over a defendant, any judgment entered against him is void. *Cappellino v. Marcheskie*, 11th Dist. Trumbull No. 2008-T-5322, 2008-Ohio-5322, ¶ 12; *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 183-184, 553 N.E.2d 650 (1990). Jurisdictional concerns raise a question of law that appellate courts review de novo. *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784, ¶ 27.

{¶14} The appellants argue that the court did not have jurisdiction over the cross-claim for foreclosure filed by Geauga Savings Bank because it was not properly served upon either of them.

{¶15} Civ.R. 5(A) requires that "every pleading subsequent to the original complaint * * * shall be served upon each of the parties." Regarding said service, Civ.R. 5(B)(1) requires that, "[i]f a party is represented by an attorney, service under this rule shall be made on the attorney unless the court orders service on the party."

{¶16} Here, the cross-claim was served on Rodney directly, although he was represented by counsel. Further, regarding Dorothy, the cross-claim was served on Rodney's counsel rather than hers. Geauga Savings Bank does not dispute the contention that this was improper service under Civ.R. 5(B)(1).

{¶17} The issue, then, is whether the court obtained personal jurisdiction over the appellants through the service of the initial summons such that it had jurisdiction to rule on the cross-claim.

4

{¶18} In the present matter, the court obtained personal jurisdiction over the appellants when the summons and original Complaint were properly served. It has been held that the service of a summons is necessary in order to obtain jurisdiction over a person. *Ballard*, 50 Ohio St.3d at 183-184, 553 N.E.2d 650; *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). Moreover, both appellants voluntarily appeared before the court by filing answers to the Complaint.

{¶19} The appellants argue, however, that it was necessary to obtain proper service of the cross-claim in order to obtain jurisdiction over that particular claim. The case law relied upon for this proposition is distinguishable from the present matter. For example, *Huntington Natl. Bank v. Dunno*, 10th Dist. Franklin No. 97APE02-223, 1997 WL 381743 (July 10, 1997), is cited for the proposition that a court does not have jurisdiction over an appellant as to a cross-claim where there is a lack of valid service. However, in *Huntington*, as well as other similar cases cited in the appellants' brief, the court specifically notes that no judgment may be rendered on a "new or additional claim," such as a cross-claim, where a party "is in default of answer to the original complaint" and no service of the new claim has been made. *Id.* at *2. In other words, in those cases, there was a concern of rendering judgment on cross-claims that were improperly served because the defendant had never appeared before the trial court and would have no way of knowing additional claims had been filed. In the present matter, there was no issue with default as both Dorothy and Rodney had appeared and answered the Complaint and it is clear that counsel was fully aware of the cross-claim. This is evident because Rodney filed a response and Dorothy's copy of the cross-claim was accidentally served on Rodney's counsel but there is no genuine argument that her

5

counsel was unaware of it as the cross-claim was the subject of subsequent proceedings, including summary judgment.

{¶20} Moreover, while appellants cite *Maryhew, supra,* in support of the proposition that service is not waived even when a defendant is aware of the filing's existence, that case specifically relates to service of a complaint only, a matter which is settled under the law and not relevant here.

{¶21} The circumstances of this particular case, rather than those cited above, are more comparable to a procedural deficiency of service. For example, in *Miller v. Nelson-Miller*, 132 Ohio St.3d 381, 2012-Ohio-2845, 972 N.E.2d 568, the court noted that, although judgments where a court lacks jurisdiction over the person are void, judgments where jurisdictional issues are raised "due to error or irregularity" are merely voidable. *Id.* at ¶ 12. This court has also found a procedural concern where the party was provided with a summons but sent an incorrect copy of the plaintiff's complaint, determining the issue did not raise concerns of personal jurisdiction or render the court's judgment void. *Sanborn v. Dean*, 11th Dist. Geauga No. 92-G-1691, 1993 WL 170977, *4 (Mar. 31, 1993). In *Sanborn*, although initially filing a proper answer would be impossible due to the procedural deficiency, since the defendants were brought before the court, they had an opportunity to become aware of the real grounds for the complaint and respond. The exact opportunity was available here, since the parties were clearly aware of the issues being raised by Geauga Savings, unlike a party never properly served with a summons who would have no awareness that any legal issues were pending with the court of which he needed to be apprised.

{¶22} Finally, although it seems evident the appellants were fully aware of the

6

cross-claim against them and failed to take action, they were also not without a remedy to correct the procedural error. When there is such an error, the trial court's judgment can be found voidable, and this issue could have been raised in multiple methods, such as in a direct and timely appeal. Instead, the appellants waited to address this concern until over a year and a half after the Decree of Foreclosure was issued and almost a year after the order confirming the sheriff's sale of the property. This is especially curious in the case of Rodney, who specifically raised the issues of service in a reply but then failed to file a motion to dismiss or contest this issue upon Geauga Savings Bank's Motion for Summary Judgment. Regardless, as there was no jurisdictional defect, this issue cannot properly be raised at this point in the proceedings. *Miller* at ¶ 16-17 (a party cannot collaterally attack a voidable judgment). Thus, the trial court properly denied the Motion to Vacate.

{¶23} The sole assignment of error is without merit.

{¶24} For the foregoing reasons, the Judgment Entry of the Geauga County Court of Common Pleas, denying appellants' Motion to Vacate, is affirmed. Costs to be taxed against appellants.


TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


_____



COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


7

**{¶25}** I respectfully dissent.

**{¶26}** "The trial court's determination of whether personal jurisdiction exists over a person is a question of law that we review de novo." *Bank of New York v. Elliot*, 8th Dist. Cuyahoga Nos. 97506 and 98179, 2012-Ohio-5285, ¶15. "Any judgment rendered in an action where there has not been proper service is void ab initio." *Jacobs v. Szakal*, 9th Dist. Summit No. 22219, 2005-Ohio-2146, ¶8, citing *Liberty Credit Services, Inc. v. Walsh,* 10th Dist. Franklin No. 04AP-360, 2005-Ohio-894, ¶13; *Clark v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 82578, 2003-Ohio-4660, ¶17.

**{¶27}** Civ.R. 5(A) requires that "every pleading subsequent to the original complaint * * * shall be served upon each of the parties." "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Civ.R. 5(B)(1).

**{¶28}** In this case, David's July 16, 2014 complaint for partition was properly served on all defendants (Rodney, Dorothy, and Geauga Savings Bank). Geauga Savings Bank later filed a cross-claim and properly served it on David. However, Geauga Savings Bank did not serve either Rodney or Dorothy with the cross-claim in accordance with Civ.R. 5. The fact that Rodney and Dorothy were served with David's complaint did not dispose of the requirement that Geauga Savings Bank's cross-claim had to be served on them. *See* Civ.R. 5(A) ("[E]very pleading subsequent to the original complaint * * * *shall* be served upon each of the parties.") (Emphasis added.)

**{¶29}** Regarding Rodney, at the time Geauga Savings Bank filed its cross-claim, Rodney was represented by an attorney of record, Attorney Bly. However, counsel for Geauga Savings Bank failed to follow Civ.R. 5(B) because it did not serve Rodney's

8

attorney of record in order to effectuate service on Rodney. Rather, Geauga Savings Bank attempted to serve Rodney directly at the property address. Although sheriff service was made on Rodney himself and certified mail directed to Rodney was signed for by the plaintiff (David, who was at that time involved in a bitter legal dispute with Rodney over the real estate), such service made on Rodney directly does not cure Geauga Savings Bank's failure to comply with Civ.R. 5(B). *See Swander Ditch Landowners' Assn. v. Joint Bd. of Huron and Seneca Cty. Commissioners*, 51 Ohio St.3d 131, 134 (1990) ("The reasoning for the [Civ.R. 5(B)] requirement that an attorney of record be served is that a party represented by counsel usually speaks through his counsel. Counsel is in a better position to understand the legal import of any documents required to be served on his or her client and the nature of the action to be taken.")

{¶30} Regarding Dorothy, at the time Geauga Savings Bank filed its cross-claim, Dorothy was represented by an attorney of record, Attorney McGee. However, Geauga Savings Bank made no attempt to serve the cross-claim on Dorothy's attorney of record, or even on Dorothy herself. Rather, in attempting to serve Dorothy, Geauga Savings Bank served Rodney's attorney instead, Attorney Bly. Clearly, counsel for Geauga Savings Bank failed to follow Civ.R. 5(B) because it did not serve Dorothy's attorney of record in order to effectuate service on Dorothy.

{¶31} There is nothing in the language of Civ.R. 5 which suggests that service of a subsequent pleading is optional. Although the trial court had personal jurisdiction over Rodney and Dorothy as to David's complaint for partition, it did not have personal jurisdiction over them as to Geauga Savings Bank's cross-claim for foreclosure. *See*

9

Civ.R. 5; *Huntington Nat. Bank v. Dunno*, 10th Dist. Franklin No. 97APE02-223, 1997 WL 381743, *3 (July 10, 1997) ("Because valid service had not occurred in this case, the court lacked personal jurisdiction over appellant as to the cross-claim.")

{¶32} The record reveals that neither Rodney nor Dorothy waived service. Regarding Dorothy, she never filed any response to Geauga Savings Bank's cross-claim. *See Maryhew v. Yova,* 11 Ohio St.3d 154, 157-159 (1984) ("Inaction upon the part of a defendant who is not served with process, even though he might be aware of the filing of the action, does not dispense with the necessity of service. * * * [T]he duty to perfect service of process is upon the plaintiffs under the Civil Rules[.]") Regarding Rodney, he did file, through counsel, a response to the cross-claim. However, the response included the affirmative defenses of "insufficiency of process" and "insufficiency of service of process." Under Ohio law, the defense was properly preserved. *See Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, syllabus ("When the affirmative defense of insufficiency of service of process is properly raised and properly preserved, a party's active participation in the litigation of a case does not constitute waiver of that defense.")

{¶33} This writer finds the decree of foreclosure granting judgment in favor of Geauga Savings Bank on its cross-claim is void ab initio for lack of service. The foreclosure judgment, the resulting sheriff's sale, and the judgment confirming the sale are all void as they relate to Rodney and Dorothy.

{¶34} For the foregoing reasons, appellants' sole assignment of error is well-taken, and the trial court's judgment should be reversed and remanded.

{¶35} I respectfully dissent.