[Cite as *Bode v. Concord Twp. Bd. of Trustees*, 2019-Ohio-2666.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| DOUGLAS BODE, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-L-043** |
| CONCORD TOWNSHIP BOARD OF TRUSTEES, | : | |
| | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2017 CV 000750.

Judgment: Affirmed.


*David C. Comstock, Jr.* and *Christopher F. Mars*, Bonezzi Switzer Polito & Hupp Co., LPA, 3701B Boardman-Canfield Road, Suite 101, Canfield, OH 44406 (For Plaintiff-Appellant).

*Michael C. Lucas* and *Stephanie E. Landgraf*, Wiles and Richards, 37265 Euclid Avenue, Willoughby, OH 44094 (For Defendant-Appellee).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Douglas Bode ("Mr. Bode"), appeals a judgment in the Lake County Court of Common Pleas dismissing his administrative appeal based on subject matter jurisdiction for failure to timely file under the limitation period established in R.C. 505.38. We affirm the trial court's judgment.

{¶2} The facts in the matter are not in dispute. Mr. Bode was suspended for six months and demoted from a part-time lieutenant to a part-time firefighter/paramedic with

the Concord Township Fire Department following a series of incidents alleging unacceptable conduct.

{¶3} The suspension was originally discussed by the Concord Township Board of Trustees (the "Board") at a March 27, 2017 meeting during an executive session for which Fire Chief Matthew Sabo ("Chief Sabo") was invited to attend. Following the meeting and that same day, Chief Sabo drafted a two-page letter to Mr. Bode informing him that he would be suspended and demoted, outlining the unacceptable conduct, citing the Standard Operating Guidelines that were violated, and stating that the suspension and demotion was "effective immediately." Mr. Bode signed the letter where prompted, acknowledging receipt.

{¶4} Thereafter, the Board approved the suspension and demotion orally at its regularly scheduled April 5, 2017 meeting. The minutes of that meeting, which contained the vote in favor of Mr. Bode's suspension and demotion, were approved by the Board on April 19, 2017.

{¶5} On May 8, 2017, Mr. Bode filed a notice of appeal of the administrative decision to the Lake County Court of Common Pleas, citing a litany of failures by the Concord Township Fire Department and the Board to comply with mandated procedures for imposing removal. Among them, Mr. Bode argued that (1) the allegations made against him were not properly investigated; (2) charges were not properly prepared; (3) Chief Sabo failed to follow the statutory requirements imposed upon him as Fire Chief; (4) the Board failed to properly consider the charges—which were never prepared or presented to the Board; and (5) he was denied a hearing and a chance to present evidence and testimony to defend himself, in violation of his rights to due process.

2

{¶6} The Board filed a motion to dismiss the appeal as time-barred under R.C. 505.38(A). Mr. Bode responded, contending that the 10-day limitation period contained in R.C. 505.38(A) is not applicable to his appeal, and that the 30-day limitation contained in R.C. 2505.07 applied.

{¶7} On October 26, 2017, the trial court denied the Board's motion to dismiss based on a factual mistake. The court stated an incorrect date of May 8, 2017, as the date that the Board adopted the meeting minutes approving Mr. Bode's suspension and demotion, rather than the correct date of April 19, 2017.

{¶8} On November 3, 2017, the Board filed a motion for reconsideration in light of the mistaken date, and the trial court acknowledged the error. The appeal was dismissed by the court for want of jurisdiction under R.C. 505.38(A) because more than 10 days had passed from the adoption of the meeting minutes on April 19, 2017, before the filing of the notice of appeal on May 8, 2017.

{¶9} Mr. Bode filed a timely notice of appeal from the dismissal and raises the following assignment of error for our review:

{¶10} "The trial court erred in granting appellee's motion to dismiss and dismissing appellant's administrative appeal as untimely because the ten (10) day limitation period for filing an administrative appeal set forth in R.C. 505.38(A) does not apply to appellee's decision to remove appellant."

{¶11} Under this assignment of error, appellant presents three issues for review:

[1.] Did the trial court err in failing to find that the thirty (30) day limitation period for filing an administrative appeal pursuant to R.C. 2505.07 applied when the only final, appealable order for appellant to appeal was appellee's April 19, 2017 approval of the April 5, 2017 meeting minutes suspending and demoting appellant?

3

[2.] Did the trial court err in finding that the ten (10) day limitation period for filing an administrative appeal pursuant to R.C. 505.38(A) applied when appellee failed to comply with any of the procedural requirements set forth in R.C. 505.38(A)?

[3.] Did the trial court's decision applying the ten (10) day limitation period to appellant's administrative appeal pursuant to R.C. 505.38(A) deprive appellant of an adequate remedy at law?

{¶12} Under the first two issues presented, Mr. Bode argues that the limitation period under R.C. 2505.07 of 30 days is the applicable time period, and that the limitation period under R.C. 505.38 of 10 days should not apply because of the Board's failure to follow the statutory procedure set forth in that statute.

{¶13} The trial court dismissed the appeal for a lack of jurisdiction. Generally, "[a]n appellate court's standard of review for a trial court's actions regarding a motion to dismiss is de novo." *Bliss v. Chandler*, 11th Dist. Geauga No. 2006-G-2742, 2007-Ohio-6161, ¶91 (citations omitted). Further, "jurisdictional concerns raise a question of law that appellate courts review de novo." *Whitright v. Whitright*, 11th Dist. Geauga No. 2018-G-0155, 2019-Ohio-326, ¶13, citing *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, ¶27.

{¶14} The questions germane to the first two issues for review are (1) which statute establishes the limitation period to file this administrative appeal, and (2) when did the limitation period commence?

{¶15} R.C. 2505.07 states that "[a]fter the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, *unless otherwise provided by law*, is thirty days." (Emphasis added.)

4

{¶16} R.C. 505.38(A) applies specifically to firefighters removed by a township board of trustees. It states, in relevant part:

> * * * Those appointees shall continue in office until removed from office as provided by sections 733.35 to 733.39 of the Revised Code. To initiate removal proceedings, and for that purpose, the board shall designate the fire chief or a private citizen to investigate the conduct and prepare the necessary charges in conformity with those sections.
>
> In case of the removal of a fire chief or *any member of the fire department* of a township or fire district, an appeal may be had from the decision of the board to the court of common pleas of the county in which the township or fire district fire department is situated to determine the sufficiency of the cause of removal. *The appeal from the findings of the board shall be taken within ten days.*

R.C. 505.38(A) (emphasis added). The word "removal" as used in R.C. 505.38 has been held to apply to suspensions and demotions of firefighters, as well as terminations. *See In re Temeer*, 52 Ohio Misc. 101, 102 (C.P.1977), citing *Burnap v. United States*, 252 U.S. 512, 515 (1920) ("the power of suspension is an incident of the power of removal.").

{¶17} In the matter sub judice, the plain language of the statutes reveals that R.C. 2505.07 provides a general limitation period where no other period is provided by law, and R.C. 505.38 provides a specific time period for precisely this type of appeal: a firefighter challenging suspension and demotion by a township. Therefore, the limitation period for filing Mr. Bode's appeal was 10 days from the decision and findings of the Board under R.C. 505.38.

{¶18} Further, this court has held that in administrative appeals, in the absence of a final order of the board, "the time for appeal begins to run from the memorialization of the decision in the meeting minutes." *Maschmann v. Bd. of Trustees of Concord Twp.*, 5th Dist. Delaware No. 95CAH04023, 1995 WL 829665, *2 (Nov. 16, 1995). *See also*

5

*Kingsville Twp. Bd. of Trustees v. Kingsville Twp. Bd. of Zoning Appeals*, 11th Dist. Ashtabula No. 2011-A-0015, 2011-Ohio-6517, ¶16.

{¶19} It is undisputed that the Board approved the minutes of the meeting where discipline was announced on April 19, 2017. Mr. Bode had 10 days from that date to perfect his appeal.

{¶20} In Mr. Bode's second issue for review, Mr. Bode contends that the Board did not follow certain required statutory procedures with regard to his discipline. In the third issue, Mr. Bode contends that the alleged failure to comply with the statutory procedures, and then failing to allow a 30-day period of time to appeal, has left him without an adequate remedy at law.

{¶21} The statutory procedures at issue are those set forth above in R.C. 505.38, which incorporates procedures from R.C. 733.35 to R.C. 733.39. The record does not reflect whether the procedures were strictly or substantially followed. However, none of the alleged procedural defects would deprive the trial court of jurisdiction to hear the appeal. In fact, they would, in all likelihood, form the basis for the appeal. We do not see how Mr. Bode's "remedy at law" is affected, as stated in the issue to review, by allowing 10 days to appeal versus 30 days. In any event, to present these alleged defects, the jurisdiction of the court must be invoked by the filing of a timely appeal.

{¶22} Although not assigned as error, Mr. Bode also contends the time for appeal did not begin to run because the record does not reflect that he received service of the Board's decision.

{¶23} R.C. 2505.07 states, "After *the entry of a final order* of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the

6

period of time within which the appeal shall be perfected, *unless otherwise provided by law*, is thirty days." (Emphasis added.)

{¶24} The Board's decision is set forth in the meeting minutes. As discussed above, the period of time within which to perfect an appeal is provided by law in R.C. 505.38 is 10 days. Mr. Bode has cited to no authority requiring the minutes of the meeting to be served upon him after entry before this time period begins.

{¶25} Here, there is no question that Mr. Bode was aware of the Board's decision. Regardless, there is no requirement in the law that meeting minutes be served upon anyone in this situation. This is not a situation where Mr. Bode is professing no knowledge of the Board's decision. To the contrary, he was served with written notice of his suspension and reduction in rank from the Fire Chief directly. He enumerated in his merit brief the reasons given for the demotion and suspension. He signed the notice acknowledging receipt on March 27, 2017.

{¶26} Mr. Bode was required to file his notice of appeal within 10 days of the Board's approval of the meeting minutes on April 19, 2017. Mr. Bode filed his notice of appeal on May 8, 2017. Therefore, the trial court did not err in determining that it lacked jurisdiction to hear the merits.

{¶27} Mr. Bode's sole assignment of error is without merit.

{¶28} The judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.

7